The Court is pleased to have with us the Honorable Jack Zoharie from the Northern District of Ohio, who has kindly consented to come here and assist us with the docket today. We very much appreciate having his experience to aid our decision-making process. When your case is called, if you represent the appellant, please state how much time you would like for rebuttal, even if you've already advised the clerk previously. And with that, you may call the first case. Case number 17-64-37, Deana Burkeen v. ARE Accessories LLC, oral argument not to exceed 15 minutes per side. Ms. Neal for the appellant. Good morning. Good morning. May it please the Court, Counsel, my name is Jamie Neal and I'm pleased to be here representing the appellants Deana and Timothy Burkeen in their claims against General Motors. I'd like to reserve three minutes for rebuttal, Your Honor. The underlying case here arises from a motor vehicle accident that happened on a snowy bridge in Kentucky and that caused significant injuries to Deana Burkeen. This appeal, however, arises from the district court's dismissal as a matter of law of the Burkeen's state law product liability claims against General Motors. And despite the fact that this case arises from a motion to dismiss, it centers primarily on issues of fact. There are basically two issues before this court today. First, whether the Burkeen's first complaint against General Motors pled sufficient facts to plausibly allege a product defect in the GM truck that Deana was driving at the time of the wreck. And it's a fairly straightforward defect that's alleged. It is the location and placement of a D-ring, a component of the seat belt anchoring system, in the headspace of the truck. And whether it was also defective for failure to contain or be covered with any sort of absorbent material. Is that specified in the first complaint? The first complaint explains what happens in the accident. It explains the D-ring was what caused Deana's injuries. It is a, I will say, a short explanation of the facts. It's one paragraph  that the D-ring was what caused Deana's injuries. Okay, does it say how the D-ring is defective? It doesn't, it doesn't specifically say that the D-ring is defective in, as it was laid out in more detail. Doesn't it have to, to plausibly allege? I think that... a cause of action in state law? Well, Your Honor, what I would say is that at this point, we're at the motion to dismiss stage and the court should make reasonable inferences from... How about Trombley? I mean, Trombley requires that you plead sufficient facts. It does require... To plausibly allege a claim. Yes. If you, if Trombley hadn't come down, I think you're right under the previous law, but Trombley is now the law and you can't get away with just conclusions anymore. You have to have specific facts that support the conclusions. And I just saw that first complaint is just totally conclusory. That's, that's all. Well, there is, in the actual claims portion, I agree that it just lays out the elements of the claims. But in it, those, the claims portion of the complaint incorporates the factual portion of the complaint, which does explain what happened in this accident. And, and... What happens doesn't mean there's liability. That's, that's, that's the problem. You say, well, there's an accident and therefore there must be liability. No, that, that doesn't follow. And I, I think what I would say, Your Honor, is I agree, Trombley and Iqbal, that is, that is the current state of the law. It is the state of the law. And when we go back to those cases, though, and the cases from, from this court interpreting Trombley and Iqbal, the purpose, as I read it, what the Supreme Court was trying to do there is say there must be a way for the district courts to weed out completely meritless claims at the complaint stage. And, and what the cases have said since then is that we're only trying to get rid of completely meritless, meritless claims. So we have to look at it in the context of the case. And that includes using common sense. It includes the court, the court using its own judicial knowledge, making reasonable inferences based on the, the specific facts that are presented, the specific case that's presented. And here, I think the reasonable inference is this is what caused the accident. This is what caused, not, not the accident. It doesn't mean it's defective, even if you can point to the automobile caused this collision. But if the automobile is not defective, there's no liability. I mean, right, the instrumentality doesn't establish liability, that's all. Yes, and here the claim isn't that. And, and I think part of what, what shows why the first complaint was sufficient is GM's own pleadings here. So the purpose, again, still even in the context of Twombly, Rule 8 requires a short and plain statement of the, of the claim. And the case law says that what, what the complaint needs to do, and I'm talking about post-Twombly, what the case, what the complaint needs to do is allow the defendant to understand what the claims are and state a plausible claim. And I think here GM's own pleadings, its own motion to dismiss, shows that it understood this was a product liability claim. It understood that the Burkines weren't saying the truck caused the accident. They were saying that this D-ring exacerbated or caused Deanna's injuries. And so it understands what is here. It understands what is in the complaint. And that's in GM's own motion to dismiss. Are you directing your comments to your second, to your first amended complaint or your second amended complaint? I'm talking about the first amended complaint. I understood that that was what Judge Griffin's questions were. Sure. Now it would seem you'd want to address the second amended complaint and whether it was an abuse of discretion by the district judge not to permit the second amended complaint. I do, Your Honor. And I would argue that that alone can be dispositive and this court doesn't even need to address the first amended complaint. I don't know about that. I want to get your argument about the second amended complaint. The second amended complaint. It is my argument, Your Honor, that that was an abuse of discretion and for several reasons. Is that the standard under Rule 59, abuse of discretion? Yes. I believe this court reviews the decision under Rule 59 for abuse of discretion. And what happened here is that General Motors filed its motion to dismiss that was primarily focused on the statute of limitations. GM threw in a couple, barely a couple pages argument into that motion to dismiss that the facts in the complaint, first complaint, were not sufficient. Okay. So they did raise the issue, even if it's only in two pages. They did raise the issue. And then they followed up in their reply and specifically represented to the district court that they would not oppose an amendment. If they were wrong on the statute of limitations, which was the main issue and which the district court agreed with us on, that they would not oppose any motion to amend. But then after the district court did dismiss the case, they did oppose our motion to amend, essentially arguing that we waited too long. And if this court agrees with that, then essentially what happens is every time a defendant files a motion to dismiss that's even partially premised on factual insufficiency, the plaintiff must immediately move to amend or forever waive that right. Isn't that kind of standard practice that most litigators do, that when faced with a motion to dismiss on the pleadings that alleges the pleadings are insufficient, there's always, almost always, a motion to amend to cure the pleading defect. I mean, that's just good lawyering. Well, and there was a motion here, but GM says it's too late. It's too late. Your motion was filed after judgment was rendered. That's my understanding. It was filed after the dismissal order, yes. Very shortly after the dismissal order. The dismissal order is a judgment against dismissing GM from the case. And so at this point, I think you're under Rule 59, since there's a judgment entered. It's not a final judgment, but it is a judgment against a party. So I think you're not in Rule 15 anymore. You're in Rule 59, and that's a high hurdle. That's almost manifest injustice. And those other categories, it's not to be granted freely after there's a judgment, and you're moving to set aside or amend an already entered judgment. I mean, the timing here is just, I think, unbelievable that you did not file the motion to amend in opposition to the motion to dismiss on the pleadings, but you waited. I mean, I... There are several cases from this court, Your Honor, that say that it is an abusive discretion to deny leave to amend after a plea. And what the court said there was that when plaintiff makes a request to amend, that is a prompt effort to remedy pleading deficiencies identified by the district court in the dismissal order, as opposed to an effort to add new claims or add new parties. There is no prejudice to the defendant, and it's an abusive discretion to deny leave to amend. There's the Newberry case, more recently, from 2015. There, the plaintiff didn't even move for leave to amend, and the court said that it was error. In the Engay case, it was a third motion for leave to amend after the dismissal order, and the court said that was an abusive discretion not to grant it, when all we're trying to do is get the true claims before the court. And I think that's the bottom line here, is that cases should be decided on their merits, if possible. The district court never ruled that the second amended complaint, which was the first substantive amendment as to General Motors, did not state plausible claims. GM has not argued to this court that that complaint did not state plausible claims. I think I asked you this once. I don't think I got an answer. Why did you wait to file the motion to amend until after the judgment is rendered in favor of General Motors? Your Honor, I was not counsel in the district court, so I cannot say from personal knowledge. Was your firm counsel? No, Your Honor. But you may want to tell them to put their legal malpractice carrier on notice. But Your Honor, I think it's significant that GM specifically represented that they wouldn't oppose leave to amend if the district court disagreed with their argument on the statute of limitations. Why wait until after judgment's been entered? Okay. It's mind-boggling to me, and I think it probably is legal malpractice, but okay. Help me out here if you can, please. Understand eight months went by, and then there's another period of time after the decision of the district judge to dismiss. I take it there's no conversation going on between court and counsel. Are people only speaking through the motion practice and not having practical conversations among themselves? Because frankly, there are a number of courts where this procedure would not even occur because there would be some conversation between the court and counsel. Are you aware of any conversation, or is the speaking only done through the pleadings? I believe here that the speaking was done through the pleadings, Your Honor, and everything was put on hold once the motion to dismiss was fully briefed. Then the scheduling order was put on hold. Essentially, the case was put on hold, and it took several months before the decision was rendered. I'm fairly certain there was not a real argument, for example. I'm not aware of whether there were behind-the-scenes conversations going on, and so unfortunately, I can't speak to that. I do know that the case was essentially put on hold. Is it fair to say that the dismissal with prejudice was a surprise? Yes, Your Honor. Is there any indication in the record of why the district judge felt it ought to be with prejudice? There really isn't, Your Honor, not that I'm aware of, other than the ultimate order on the motion to amend, which says you can't meet the Manifest Injustice Standard because we don't have to grant leave to amend, which I would say is inconsistent with the other cases from this district's holding that leave to amend should be granted in this type of circumstance. I see that I'm out of time now, so unless there are other questions. If the presiding judge will indulge me, the issue of whether the dismissal should have been without prejudice or with prejudice, have you appealed that in your statement of issues? I believe that order was specifically appealed, was specifically the order that was appealed from, and I believe that, yes, that was included in the statement of issues. I don't have it right in front of me. I have your brief in front of me, so you can tell me where in your brief you have appealed that issue. You're required to appeal it in the statement of issues to preserve it, and if you have, I mean, why don't you look at your brief? I mean, I assume you have it. Yes, I do, Your Honor. Tell me where it is in your statement of issues. Well, I'm sorry, Your Honor, let me... Isn't it preserved by you having filed a motion to amend the complaint? Yes, I mean, that was the intention, Your Honor. You haven't appealed it. I mean, you preserved it in the district court, but if you don't appeal the issue to us, it's not before us. That's the point I want to make, and I don't think it is before us, because you haven't appealed it to us. You could appeal other issues, but not that. We appealed the denial of the motion to amend the complaint, the denial of the motion to amend the order. The order. You haven't appealed the alleged error of entering the dismissal with prejudice rather than without prejudice. That's my understanding. I've read your brief, and I don't see that you have appealed that to us. And we only decide issues, at least I do, that are appealed to us. And issues that could have been appealed, might have been appealed, should have been appealed are interesting, but usually are not decided by us, or at least decided by me. Well, our intention, Your Honor, was to encompass that in the denial of the motion to amend the order dismissing, and the denial of the motion to amend the complaint. So that rule 59 motion. You had an intention even if you didn't do it. So I should rule on your intention that's not before me. Is that the argument? We have specifically argued, Your Honor, that the district court erred by dismissing the complaint with prejudice, and without leave to amend. All right. You can look at, you've got to have some rebuttal time, and you can cite me in your brief where you've done that, okay? Thank you. If there's not anything else. Good morning, Your Honor. Mark Shuford. I have the pleasure of representing General Motors LLC in this appeal. I don't disagree with my co-counsel that there are only two issues before the court. But picking up where Judge Griffin left off, I think it is correct that the plaintiff has not appealed the decision by Judge Stivers to dismiss the first amended complaint with prejudice. The two issues on appeal are, did the first amended complaint state a plausible claim of product liability against GM? And the only other issue before this court on appeal is whether the district court abused its discretion in denying the appellant's both Rule 59E motion and Rule 15A motion. There's no question about what the single paragraph of facts are that allegedly support the plaintiff's claim of product liability against GM in the first amended complaint. It says simply that as a result of multiple slidings, collisions with another vehicle, a cover for the pickup truck breaking loose and intruding into the cab. How about the Jackson case which opposing counsel cites in its brief as being comparable? Your Honor, all of these cases are ones in which the plaintiffs at least went a layer deeper to may have been defective. The plaintiff herself suggests that there are ways in which a manufacturer's choices about whether to include a component in a vehicle, what material is used for the component, or even where to locate the component could, in a proper case, be a substantive basis for Unfortunately, here, the plaintiff didn't do any of those things. The plaintiff didn't allege that there was a defect in having a D-ring period in the cab of the truck. The plaintiff didn't allege that the material… It was unprotected, wasn't that the defect? I'm sorry? It was unprotected, the D-ring. The only time that we hear that the defect is because it was unprotected is once we get to the second amended complaint. Let's move on and talk about whether there was an appropriate dismissal with prejudice or not, and whether the second amended complaint ought to have been filed. Your Honor, I would argue that the plaintiff hasn't preserved the error of a dismissal with prejudice versus one without prejudice. Although dismissals with prejudice on an initial amended complaint are infrequent, they are not unheard of. In fact, if they were unheard of, there wouldn't be so many cases for both appellants counsel and myself to have chosen from to point out to this court that it is a mixed bag. So dismissals with prejudice are infrequent but not unheard of. Here, the plaintiff didn't preserve that issue. The only issue that the plaintiff preserved for this court is whether after the judgment was rendered, did the district court err in denying the Rule 59 motion, and then upon denying the Rule 59 motion, concluding that it did not have authority to grant the Rule 15 motion. Humor me for just a moment. What's the basis for the dismissal with prejudice in this case under the scenario that we're presented with? Your Honor, I will say General Motors didn't move for the complaint to be dismissed with prejudice. In fact, you agreed, according to opposing counsel, you had no objection to an amended complaint. Your Honor, we invited them to file an amended complaint. And in the eight months between when we filed our motion to dismiss and when this motion to dismiss was heard, there was no activity on the part of the plaintiff to file an amended complaint. In the motion... And I take it, to follow up on my question of opposing counsel, there's no conversation going on by you, with you, with the court. This is eight months waiting for the court to make a decision. In fact, Your Honor, the scheduling order had been suspended. The discovery had been suspended. Everything was held in abeyance. Absolutely nothing happened in that eight months. Other than that, according to the plaintiff's own Rule 15 motion, somewhere during that time, they went on the Internet and found out some more about their claims and were able, as a result of that, to cobble together a second amended complaint, but only after Judge Stivers had already dismissed the earlier complaint, which was woefully inadequate to state a claim. In other words, there was nothing... This isn't a question of newly discovered evidence that the plaintiffs were suddenly to put for the first time into a second amended complaint to get them across the line. This information was available to them on the Internet and, frankly, available to them before they filed the original complaint. Sorry to interrupt. To answer my question, there is nothing in the record that would suggest the reason for the dismissal being with prejudice, is there? Judge Stivers did not indicate why he dismissed it with prejudice. But, again, that is not an issue that the plaintiffs have preserved for appeal. Just assuming, humor us, that it's not. I just read their two issues and it's not there. But if they had appealed the issue, I mean, really, the normal course of events would be to dismiss without prejudice rather than with. I mean, this is unusual. Is it not for a 12b-6 motion on the pleadings to dismiss it with prejudice if there's not a statute of limitations problem or something else that would bar it? I mean, it's not the usual remedy, right? Again, Your Honor, I would say it's not usual. But I would say it's infrequent, which is to say the same thing. It's not typical. Should not the judge give a good reason to dismiss it with prejudice, then? Typically, I think courts do. And if that had been preserved as an issue on appeal, we might be arguing different issues. I acknowledge that Judge Stivers didn't indicate in his original opinion dismissing the amended complaint, why he dismissed it with prejudice. Basically, kind of conceded that if the dismissal occurred, that you would allow the amendment of the complaint. So the only way you can get an amended complaint, I would think, is if it's dismissed without prejudice. If the dismissal is with prejudice, it doesn't seem like an amended complaint would foul the total dismissal with prejudice. Agreed, Your Honor. So aren't you kind of conceding that it should have been without prejudice? Your Honor, I learned long ago that it would be inappropriate to second-guess a district judge as to why he entered a ruling the way he did. I candidly can't speak for Judge Stivers as to what was on his mind. And his decision to dismiss this with prejudice. I can speak, though, for the propriety of how Judge Stivers analyzed the issue after he had dismissed the amended complaint with prejudice. The plaintiffs filed two motions within three weeks after the dismissal. The first was a Rule 59e motion, asking the court to vacate, amend, or set aside its dismissal. It then simultaneously filed a second motion, a Rule 15 motion, to amend the complaint, to file an amended complaint. The plaintiffs themselves argued to Judge Stivers only one basis for setting aside his earlier dismissal. Of the four grounds for granting a Rule 59 motion, they argued only one, manifest injustice. They made two arguments as to why it was manifestly unjust for the court not to set aside its earlier dismissal order. The first was, Judge Stivers, you got it wrong the first time. And as Judge Stivers correctly pointed out, a Rule 59 motion is not the proper time to simply re-argue points you failed with the first time. Rule 59 is not a substitute for a motion to reconsider. So he knocked that aside. Their second argument was essentially, look, we've now got a second amended complaint that does have more information in it, and surely that would pass the test, so you should grant the Rule 15 motion. But again, there's no argument before Judge Stivers as to why it would be manifestly unjust for the court to look at their late decision to ask for leave to file a second amended complaint. And so the court rejected that argument on the basis of it was manifestly unjust. As Judge Stivers pointed out, in order to pass the manifest injustice standard, there must be some fundamental error, some fundamental flaw in the court's analysis and decision of the, and the ruling that is being asked to be set aside. Manifest injustice is a standard for Rule 59 and not Rule 15. That's correct, Your Honor. Admittedly, in post-dismissal cases, Rule 59 motions and Rule 15 motions get filed together frequently. But Rule 15 doesn't apply if there's a judgment that's been entered, right? That's correct, Your Honor. They first must satisfy the requirements of Rule 59. So having failed to persuade Judge Stivers that there was any manifest injustice in his original ruling, Judge Stivers properly said, I no longer have authority to grant your Rule 15 motion. And cites this court's opinions in Leisure Caviar and others. Counsel, are you familiar with this Morse case from the Sixth Circuit that seems to both a Rule 59 e-motion and a Rule 15 motion pending at the same time that the motion, you've got concurrent motions that the standard to be applied is to leave to amend is freely given when justice so requires. In other words, it seems that if we were to follow that case, that with dependency of both motions concurrently, we should look to Rule 15 to make our decision. I think Morse is inconsistent with Leisure Caviar, Your Honor. I'm looking at page 616 of the 616 fed third at 616 in the Leisure Caviar case where the court said that when a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60. I think Leisure Caviar more accurately reflects the thinking of this court with respect to the procedural hurdles that a plaintiff or an appellant must overcome before a Rule 15 motion can be granted. Why are you saying that the Morse case is inapplicable? Is it your argument that the facts of the case you just mentioned are more in tune with our circumstances here than Morse? What exactly is your argument there? I think my argument, Your Honor, is simply this, that when those two motions are filed together, the standards effectively elide to some degree. But the requirements under Rule 59 are not obliterated. Otherwise, this court wouldn't have said that when a party seeks to amend after an adverse judgment, they must shoulder a heavier burden. That is, Rule 15 by itself is not the proper standard. Rule 59 and Rule 15 are read together. But in this case, the plaintiff simply did not articulate sufficiently for Judge Stivers why it would be manifestly unjust, after eight months, for the court to say, no, I'm not going to give you a second chance at this point. I'm simply not... But eight months was not counsel's fault. It's nobody's fault. Not your fault. Not the opposing counsel. The court has a heavy docket. What does the eight months have to do with what we're talking about here? The eight months relates to exactly the point that Judge Griffin made at the beginning of the appellant's argument. And that is, when you are put on notice by a motion to dismiss, that the allegations in your complaint are insufficient to state a claim, and moreover, the defendant invites you to file an amended complaint, and you choose not to do so, you are rolling the dice and gambling as to whether or not this original complaint that you have is going to save the day for you. There would have been no prohibition, particularly given the fact that the scheduling order and all other orders of the court had been suspended during that eight months. Meaning nothing could be filed. No, meaning the plaintiff could easily have asked for leave to file. The court didn't suspend, didn't say you can't file anything more. It simply said, I'm going to put all of the other deadlines, like the deadline for filing amended complaints, on hold. So it doesn't apply to you anymore. You're not going to miss a deadline while this is pending. So rather than not missing a deadline, they simply chose to ignore it. Since you're talking about the eight months, let me ask you, had the amendment been permitted, what would have been the prejudice, if any, that your client would have suffered as a result of the lapse of time? We're at a disadvantage because the district judge didn't give reasons for the dismissal with prejudice. But if you had made a record, what would you have indicated to the district judge with respect to the prejudice consideration? What prejudice would your client have suffered? I think we would have argued at the time, and I think we did argue at the time, Your Honor, that GM would have suffered prejudice simply by virtue of the long passage of time, perhaps the unavailability of witnesses. This case was originally filed in state court against a different defendant. No, but what specific prejudice? Just in general, you might have had problems finding witnesses to one thing or another, but you don't know because it never came to that and you never had to go out and find the witnesses. I mean, did some witness die or become unavailable? What specific prejudice? I too was not trial counsel for this case, Your Honor, but again, I don't believe that we ever got to that stage because the plaintiffs didn't argue that there was no unreasonable delay as to which we said, no, there is. I think we argued that at the district court level, GM's focus was on the futility of an amendment along the lines of what the plaintiff had offered in her second amended complaint. I don't believe that it was substantial delay that we argued there because the issue simply didn't arise at that stage. I know in our memorandum in opposition to their Rule 15 motion, we did argue futility, but that issue also is not before this court. All right. Thank you very much. Thank you, Your Honor. Thank you. Judge Griffin, I want to go back to your point about the issues first. And issue number one is addressed to the first order that includes the with prejudice language. I agree that that with prejudice language is not specifically called out in there. As has been discussed, there really wasn't any reasoning there. Issue two goes to the motions that were filed after the dismissal order and the district court's order that was entered there, which is where the argument was made about why amendment should be allowed. So that's where we focused our argument. Issue one was intended to encompass that first order that includes that language. But it doesn't do it. It doesn't call out the with prejudice language. I agree. It doesn't. It doesn't specify you're appealing the ruling with prejudice as opposed without prejudice. Do you even argue it in your brief? We argue extensively with regard to issue number two that we should have been allowed leave to amend, which includes... No, that's not my question. Do you argue in your brief the issue that the order should have been without prejudice rather than with? And if so, where? I mean, it's not in the statement of issues. No, Your Honor. If it's in the argument contained in the brief, tell me what pages it's on so I can read it. No. In issue number one, we argue why the court erred in dismissing the complaint. It's not in your brief. Answer my question. It is not in the brief. In issue two... Not in the brief. I don't decide issues. My colleagues can do whatever they want, but I don't go there. All right. How about the argument is that after the judgment was entered dismissing General Motors, that then you filed both a Rule 59 motion to amend the judgment or get relief from judgment and a motion to amend the complaint. I mean, don't you agree with me that before you can amend a complaint, you have to set aside the judgment against the defendant, General Motors, because they're no longer in the case. So first of all, you have to decide the Rule 59 motion and set aside the judgment. And then once the district court does that, then they can consider your Rule 15 motion of whether the complaint should be admitted because now you have a defendant back in the case. Do you agree with that order? I agree that, yes, that's why both motions were filed. That's how it's explained. That's the sequence of it. So you don't get to your Rule 15 motion to amend unless you get past the Rule 59 motion to set aside the judgment. Do you agree with that? I agree. Yes, I agree. The trial court had to alter amend. And to do that, and your only grounds for Rule 59 was manifest injustice. You claim that the ruling that your first complaint did not plausibly allege the cause of action under Trombley was manifestly unjust. That's the only argument you made for Rule 59, is that right? Yes, we made the argument that it was... Is that the only one you made? Manifest injustice, yes, Your Honor. All right, thank you. And I would say just to... Oh, I'm sorry, my time is over. Well, you can finish your sentence. Oh, I was just going to say that this is not one of the situations where leave to amend should not be granted. There are situations where that exists. This is not one of those. All right. Thank you. Thank you very much. I'd ask that you reverse the district court.  Are the cases submitted? Clerk, may call the...